UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BETHANY BROMWELL,<br><br>            Plaintiff,<br> v.<br><br>PRECISE POWER SERVICE CORPORATION D/B/A PRECISE POWER, INC. and THOMAS SMITH,<br><br>            Defendants. | 3:14-cv-00305 (CSH) |

**ORDER**

**HAIGHT, Senior District Judge:**

Plaintiff Bethany Bromwell (hereinafter "Plaintiff") brings this action against Defendants Precise Power Service Corporation d/b/a Precise Power, Inc. and Thomas Smith (hereinafter "Defendants") for negligence and vicarious liability stemming from an automobile accident which occurred on or around August 23, 2012 on Interstate 395, a public highway in Montville, Connecticut. *See* [Doc. 1]. Plaintiff avers that the jurisdiction of this Court "is based on diversity of citizenship[] pursuant to 28 U.S.C. § 1332(a)(1), and the amount in controversy exceeds $75,000," *id*. at 1, and indeed no federal questions are raised in Plaintiff's Complaint. In support of her contention that diversity exists in the case at bar, Plaintiff states that "at all pertinent times mentioned" within her complaint, she "was a resident of Windham, Connecticut," "Defendant[] Thomas Smith was a resident of Anderson, South Carolina," and "Defendant[] Precise Power Service Corporation d/b/a Precise Power, Inc. [was] incorporated and ha[d] a principal place of business in a state or states other than Connecticut," which elsewhere she specifies was Belmont, North

1

Carolina. *Id.* Such averments, however, are insufficient to establish complete diversity among the parties or, consequently, that subject matter jurisdiction is present.

In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As the Second Circuit recently noted, "[w]here jurisdiction is lacking, ... dismissal is mandatory." *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) (internal quotations and citation omitted). Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court has an obligation to consider its subject matter jurisdiction *sua sponte*. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also, e.g., Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp*., 109 F.3d 105, 107-08 (2d Cir. 1997) (holding that district court may raise issue of subject matter jurisdiction *sua sponte* at any time)). It is, in fact, "common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." *Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983).

In order for requisite diversity of citizenship to exist under 28 U.S.C. § 1332(a)(1), a plaintiff's citizenship must be diverse from the citizenship of all defendants to an action. *See, e.g.*,

*St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Such complete diversity "must exist *at the time the action is commenced*," *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002) (emphasis added), which in the case at bar is March 11, 2014, the date on which Plaintiff's Complaint, [Doc. 1], was filed.

Plaintiff's statements concerning both her own citizenship and that of Defendants, however, however, fall short of demonstrating the Court's subject matter jurisdiction for the following reasons. As noted *supra*, Plaintiff alleges that at all times relevant to the events concerned within her Complaint – i.e., "[a]t all pertinent times mentioned" within this pleading – she "was a resident of Windham, Connecticut," Defendant Thomas Smith "was a resident of Anderson, North Carolina," and Defendant Precise Power Service Corporation d/b/a Precise Power, Inc. was "a foreign corporation or entity conducting business within the State of Connecticut, with its principle place of business located in Belmont, North Carolina." [Doc. 1] at 1-2. Plaintiff also avers that Defendant Precise Power Service Corporation d/b/a Precise Power, Inc. "is incorporated ... in a state or states other than Connecticut." *Id.* at 1.

With respect to Plaintiff's averments concerning herself and Defendant Thomas Smith: an individual's *citizenship* for diversity purposes is determined by his or her *domicile*, not his or her *residence*. *See, e.g., Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Courts have "long ... held that a statement of residence, unlike domicile, tells the court only where the parties are *living* and not of which state they are *citizens*." *John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) (emphasis added). Thus it is "well-established that allegations of residency alone

cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)).

The differences between a domicile and a residence are straightforward. "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation," which is to say, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983); *see also, e.g., Palazzo v. Corio*, 232 F.3d at 42. In contrast, the United States Supreme Court has described "residency" as occurring "when a person takes up his abode in a given place, without any present intention to remove therefrom." *Martinez v. Bynum*, 461 U.S. at 331. A "residency," therefore, may be taken up for personal or business reasons and may be either permanent *or* solely for a period of time. *Id.* The test for an individual's residency is thus significantly less stringent than the "more rigorous domicile test." *Id.*

Given that "one can *reside* in one place but be *domiciled* in another," for jurisdictional purposes, the term "'[d]omicile' is not necessarily synonymous with [the term] 'residence.'" *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citations omitted). While Plaintiff has in her Complaint alleged *residency* of herself and Defendant Thomas Smith, she has not established either party's *citizenship*. For the reasons explicated *supra*, a court may not and cannot simply infer the latter from the former. *See, e.g., Realty Holding Co. v. Donaldson,* 268 U.S. 398, 399 (1925). Accordingly, the citizenship of these parties to this action must be confirmed.

In addition, while Plaintiff's pleadings with respect to Defendant Precise Power Service Corporation d/b/a Precise Power, Inc. – i.e., that this defendant was "a foreign corporation or entity conducting business within the State of Connecticut" which had "its [principal] place of business located in Belmont, North Carolina" and which was "incorporated ... in a state or states other than

Connecticut," *id.* at 1-2 – touch upon the requirements of 28 U.S.C. § 1332(c)(1), pursuant to which "a corporation shall be deemed to be a citizen of *any State by which it has been incorporated* and of *the State where it has its principal place of business*," (emphasis added), they do not state with specificity in which other state(s) Defendant Precise Power Service Corporation d/b/a Precise Power, Inc. was incorporated. Should Plaintiff, while a resident of Connecticut, prove to be a citizen of another state, such state must not be one in which Defendant Precise Power Service Corporation d/b/a Precise Power, Inc. was incorporated on the date relevant to diversity in this lawsuit, i.e., March 11, 2014.

With respect to the relevant date for diversity purposes, the Court furthermore notes that Plaintiff's statements concerning diversity of the parties are predicated upon, presumably, these parties' respective citizenship(s) at the time of the events with which Plaintiff's action is concerned, i.e., those which took place on or around August 23, 2012. *See* [Doc. 1] at 1-2 ("At all pertinent times *mentioned herein*....") (emphasis added). However, complete diversity "must exist *at the time the action is commenced*," *Universal Licensing Corp. v. Lungo*, 293 F.3d at 581 (emphasis added), which in the case at bar is March 11, 2014, the date on which Plaintiff's Complaint, [Doc. 1], was filed. Thus in order to adequately plead diversity Plaintiff must specify the parties' citizenship(s) on March 11, 2014, and not on or around August 23, 2012.

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS Plaintiff to establish, by affidavit, both her own citizenship and the citizenship of Defendants as of the date this action was commenced by the filing of Plaintiff's Complaint, [Doc. 1], i.e., March 11, 2014. Plaintiff shall file and serve such affidavit regarding citizenship on or before **Tuesday, April 1, 2014.** All case deadlines shall be stayed pending the Court's review of

this affidavit.  If, upon review, the Court determines that it possesses subject matter jurisdiction, the action may proceed.  Otherwise, in the absence of such jurisdiction, the Court shall dismiss the action without prejudice.

       It is SO ORDERED.


Dated: New Haven, Connecticut
       March 11, 2014

                                                */s/ Charles S. Haight, Jr.*
                                                Charles S. Haight, Jr.
                                                Senior United States District Judge